**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FENGTING LI, | No. 07-71352 |
| Petitioner, | Agency No. A097-873-053 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Fengting Li, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum and withholding of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PR/Research

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and de novo questions of law, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's finding that Li failed to establish the harms he experienced in China and the harms he fears upon return are based on a protected ground. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1043-45 (9th Cir. 2004) (concluding that heavy-handed tactics used by police during an investigation for legitimate purposes was not persecution on account of petitioner's political opinion). In particular, the record does not compel the conclusion that Li sought to expose corruption that was inextricably intertwined with a government operation. *Cf. Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000). Accordingly, Li's asylum and withholding of removal claims fail.

Li's contention that the IJ was not an impartial adjudicator because she relied on inconsistencies and personal conjecture is not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish a due process violation).

Finally, we reject Li's contention that the IJ erred in making an adverse credibility determination because the IJ explicitly found Li's testimony to be credible.

**PETITION FOR REVIEW DENIED.**